FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRNA HERNANDEZ-ESCOBAR, | No. 11-71758 |
| Petitioner, | Agency No. A200-050-679 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Mirna Hernandez-Escobar, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006), and we deny the petition for review.

Hernandez-Escobar testified a neighbor, who was a member of an opposing political party, threatened her several times and assaulted her once. Substantial evidence supports the BIA's finding that Hernandez-Escobar failed to establish the harm she suffered, even considered cumulatively, rose to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner's account of being beaten and threatened by a mob did not compel a finding of past persecution). Nor does the evidence compel the conclusion that the "government was unable or unwilling to control" the individual harassing Hernandez-Escobar. *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). Substantial evidence also supports the BIA's finding that Hernandez-Escobar failed to establish a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2)(ii). ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality. . . ."). Therefore, Hernandez-Escobar's asylum claim fails.

11-71758

Because Hernandez-Escobar has not established eligibility for asylum, she necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Hernandez-Escobar failed to establish that it is more likely than not she will be tortured if she returns to El Salvador. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**